UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v.-

SALEEM MIRZA,

Defendant.

---

21 Cr. 427-2 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

     Defendant Saleem Mirza, who was sentenced in April 2022 principally to a term of nine months' imprisonment followed by three years' supervised release, has moved for early termination of his supervised release. (Mirza Letter dated January 7, 2025). According to the United States Probation Office for the Southern District of Texas, where Mr. Mirza is being supervised, his term of supervised release commenced on March 27, 2023, with a scheduled expiration date of March 26, 2026; since November 3, 2023, Mr. Mirza has been on Low Threat Caseload ("LTC") status, where he reports electronically. (*Id.*, Ex. 1). In support of his request, Mr. Mirza cites his compliance with his conditions of supervised release; his commitment to a law-abiding life; and his payment of "all my dues." (*Id.* at 1). The Court understands from the Probation Offices of this District and the Southern District of Texas that they approve of Mr. Mirza's request; the Government has submitted a letter in opposition. (Gov't Letter dated February 14, 2025). For the reasons stated in the remainder of this Order, the Court approves Mr. Mirza's request for early termination.

Section 3583(e)(1) of Title 18 of the United States Code empowers a court to terminate a term of supervised release at any time after the expiration of one year of that term so long as the court determines that such action is warranted by the conduct of the defendant and is in "the interest of justice."  18 U.S.C. § 3583(e)(1).  The court is required to consider the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  *Id.* § 3583(e).  Put somewhat differently, the Court is required to consider the factors in Section 3553(a) that "bear on 'deterrence, public safety, rehabilitation, proportionality, and consistency.'"  *United States* v. *Gonzalez*, No. 94 Cr. 134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (quoting *United States* v. *Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)).  The United States Sentencing Guidelines encourage courts "to exercise this authority in appropriate cases."  U.S.S.G. § 5D1.2, comment. n.5 (November 2024 manual).

As the Government observes (*see* Gov't Letter dated February 14, 2025 at 2), "[e]arly termination 'is not warranted as a matter of course,'" *United States* v. *Wheeler*, No. 20 Cr. 492 (GHW), 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023) (quoting *United States* v. *Fenza*, No. 03 Cr. 921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)).  However, courts have recognized that "changed circumstances" may make it appropriate for a court to reduce a term of supervised release.  *Lussier*, 104 F.3d at 36.  Those changed circumstances can include the "exceptionally good behavior by the defendant" on supervised release, which may "render a previously imposed term or condition of release ... too harsh or inappropriately tailored to serve the general punishment goals of

2

section 3553(a)." *Id.* However, "exceptionally good behavior" is not established simply by complying with the terms of supervised release. *See Fenza*, 2013 WL 3990914, at * 2 ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."). And, in point of fact, new or changed circumstances are not required so long as a court considers the 18 U.S.C. § 3553(a) sentencing factors. *See United States* v. *Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).

Mr. Mirza has complied fully with his conditions of supervised release for the 23 months that he has been on supervised release. What is more, it is significant to the Court that Mr. Mirza paid the entirety of his restitution figure within four months of his sentencing. (Dkt. #61 (satisfaction of judgment)). While the Court wishes that Mr. Mirza would have made a bigger dent in his forfeiture figure, it accepts the representations of the Probation Officers in Texas and this District that they do not monitor the forfeiture orders of their supervisees, and, further, that Mr. Mirza was not aware until very recently that this amount remained outstanding. Particularly because the Probation Office has advised the Court that it would <u>not</u> monitor Mr. Mirza's forfeiture obligations going forward, the Court does not believe that the existence of such an obligation, on its own, forecloses early termination.

Separately, it is significant to the Court that Mr. Mirza was placed several months ago on administrative supervision. While it recognizes that there are differences between administrative supervision and no supervision at

all, it does not believe that the marginal benefits of retaining administrative supervision outweigh the factors supporting early termination of supervised release, which here include Mr. Mirza's compliance with the terms of supervised release and his transition into retirement in Texas. Accordingly, the Court GRANTS Mr. Mirza's motion for early termination of supervised release, and will endorse the Probation Form 35 under separate cover. Further, the Court directs the Southern District of Texas Probation Office to provide a copy of this Order to Mr. Mirza.

    SO ORDERED.

Dated:  February 20, 2025
          New York, New York

                                        KATHERINE POLK FAILLA
                                        United States District Judge

4